IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., PFIZER LIMITED, and PFIZER IRELAND PHARMACEUTICALS,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA USA INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. _____<br>)<br>)<br>)<br>) |

# COMPLAINT

Pfizer Inc., Pfizer Limited, and Pfizer Ireland Pharmaceuticals (collectively "Plaintiffs" or "Pfizer"), by their attorneys, for their complaint against Aurobindo Pharma USA Inc. ("Defendant" or "Aurobindo"), allege as follows:

## NATURE OF THE ACTION

1.   This is an action by Pfizer against Aurobindo for patent infringement of United States Patent No. 6,124,363 (the "'363 patent") arising from Aurobindo's filing of Abbreviated New Drug Application ("ANDA") No. 210740 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Pfizer's Tikosyn® (dofetilide) capsules, 0.125 mg, 0.25 mg, and 0.50 mg dofetilide capsules (collectively, "Aurobindo's ANDA Products"), prior to expiration of the '363 patent.

2.   On information and belief, Aurobindo's marketing of generic versions of Pfizer's Tikosyn® capsules prior to the expiration of the '363 patent will cause Pfizer to suffer irreparable harm.

# THE PARTIES

**Plaintiffs**

3. Pfizer Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business at 235 East 42nd Street, New York, New York 10017. Pfizer invests extensively in designing, developing, and evaluating new and innovative pharmaceutical products and sells pharmaceutical products to the public throughout the United States.

4. Pfizer Limited is a company organized under the laws of England and has its principal place of business at Ramsgate Road, Sandwich, Kent CT13 9NJ, England.

5. Pfizer Ireland Pharmaceuticals is a private unlimited liability company organized under the laws of Ireland and has its registered office at Operations Support Group, Ringaskiddy, Co. Cork, Ireland.

6. Pfizer has all right, title, and interest in the '363 patent and the right to sue for infringement thereof.

**Aurobindo**

7. On information and belief, Aurobindo Pharma USA Inc. is a company organized and existing under the laws of Delaware, having its principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520-1401.

# JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).

10. This Court has personal jurisdiction over Aurobindo because Aurobindo is incorporated in the state of Delaware.

## BACKGROUND

**The '363 Patent**

11. On September 26, 2000, the United States Patent and Trademark Office ("USPTO") issued the '363 patent, titled "Dofetilide Polymorphs." A copy of the '363 patent is attached hereto as Exhibit A.

12. The '363 patent discloses and claims, *inter alia*, certain dofetilide polymorphs, processes for preparing certain dofetilide polymorphs, pharmaceutical compositions comprising certain dofetilide polymorphs, and methods of treating heart failure and cardiac arrhythmia by administering certain dofetilide polymorphs.

**Orange Book Listing for Tikosyn**

13. Pfizer holds an approved New Drug Application ("NDA"), No. 20-931, for dofetilide capsules, 0.125 mg, 0.25 mg, and 0.5mg dosage strengths, under the registered name Tikosyn®. As stated in the FDA approved label for Tikosyn ("Pfizer's Tikosyn Label"), Tikosyn is indicated for "the maintenance of normal sinus rhythm (delay in time to recurrence of atrial fibrillation/atrial flutter [AF/AFl]) in patients with atrial fibrillation/atrial flutter of greater than one week duration who have been converted to normal sinus rhythm" and "for the conversion of atrial fibrillation and atrial flutter to normal sinus rhythm."

14. The FDA lists the '363 patent in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with NDA No. 20-931 and Tikosyn (dofetilide) capsules.

15. The Orange Book states that the '363 patent expires on October 9, 2018.

**Aurobindo's ANDA**

16. By letter dated October 25, 2017 ("ANDA Notice Letter"), Aurobindo notified Pfizer that it had filed ANDA No. 210740 with the FDA seeking approval under the Federal Food, Drug, and Cosmetic Act to market and sell Aurobindo's ANDA Products.

17. The ANDA Notice Letter states that ANDA No. 210740 contains a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV" certification) alleging that the '363 patent "is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of [Aurobindo's ANDA Products]." The ANDA Notice Letter further states that Aurobindo filed its Paragraph IV certification "in order to obtain approval to engage in the commercial manufacture, use of sale of [Aurobindo's ANDA Products] before the expiration of the '363 patent."

18. The ANDA Notice Letter contains an Offer of Confidential Access ("OCA") "[a]s required by § 355(j)(5)(C)(i)(III) . . . to provide confidential access to certain information from its ANDA No. 210740 for the sole and exclusive purpose of determining whether an infringement action . . . can be brought."

19. On November 13, 2017, Pfizer wrote to request that Aurobindo provide access to information from ANDA No. 210740, albeit without the onerous restriction that Aurobindo included in its OCA which unnecessarily precluded Pfizer's in-house counsel from engaging in any patent prosecution whatsoever. Pfizer also requested that Aurobindo provide samples of Aurobindo's ANDA Products and the active pharmaceutical ingredient in Aurobindo's ANDA Products. Aurobindo did not respond to Pfizer's requests.

20. On information and belief, upon approval of ANDA No. 210740, Aurobindo intends to distribute Aurobindo's ANDA Products throughout the United States, including in Delaware. On information and belief, Aurobindo also intends for doctors to prescribe, and for

patients to use, Aurobindo's ANDA Products in accordance with and as directed by Aurobindo's proposed labeling for Aurobindo's ANDA Products, which copies one or more of the indications in the label for Pfizer's Tikosyn capsules.

## COUNT I
### (Infringement of the '363 Patent by Aurobindo)

21. The allegations of paragraphs 1 through 20 above are repeated and re-alleged as if set forth fully herein.

22. Pursuant to 35 U.S.C. § 271(e)(2)(A), Aurobindo's filing of ANDA No. 210740 seeking approval to market Aurobindo's ANDA Products is an act of infringement of at least claim 1 of the '363 patent entitling Pfizer to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 210740 be a date which is not earlier than the expiration date of the '363 patent.

23. On information and belief, Aurobindo had knowledge of the '363 patent when it submitted ANDA No. 210740 to the FDA.

24. On information and belief, Aurobindo intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products prior to the expiration of the '363 patent. Aurobindo's ANDA Products will infringe at least claim 1 of the '363 patent.

25. On information and belief, the proposed labeling and/or package insert submitted with ANDA No. 210740 copies some or all of the indications in Pfizer's Tikosyn Label. On information and belief, Aurobindo intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Products with the proposed labeling.

26. The use of Aurobindo's ANDA Products in accordance with and as directed by Aurobindo's proposed labeling will infringe at least claim 9 of the '363 patent.

27. On information and belief, Aurobindo intends to actively induce infringement of at least claim 9 of the '363 patent.

28. On information and belief, Aurobindo intends to contribute to the infringement of at least claim 9 of the '363 patent.

29. On information and belief, Aurobindo knows that Aurobindo's ANDA Products and the proposed labeling are especially made or adapted for use in infringing at least claim 9 of the '363 patent and that Aurobindo's ANDA Products and the proposed labeling are not suitable for any substantial noninfringing use.

30. The foregoing actions by Aurobindo constitute and/or would constitute infringement of at least claim 1 of the '363 patent, active inducement of infringement of at least claim 9 of the '363 patent, and/or contribution to the infringement by others of at least claim 9 of the '363 patent.

31. Pfizer will be substantially and irreparably harmed if Aurobindo is not enjoined from infringing the '363 patent. Pfizer has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

A. A judgment that Aurobindo's submission and maintenance of ANDA No. 210740 was an act of infringement and that Aurobindo's making, using, offering to sell, selling, or importing Aurobindo's ANDA Products prior to the expiration of the '363 patent will infringe, actively induce infringement, and/or contribute to the infringement of the '363 patent;

B. A judgment that the effective date of any approval for Aurobindo to make, use, offer for sale, sell, market, distribute, or import Aurobindo's ANDA Products be no earlier than the expiration of the '363 patent, or any later expiration of exclusivity to which Pfizer is or becomes entitled;

   C. A permanent injunction against Aurobindo, its respective officers, agents, servants, and employees, and those persons in active concert or participation with any of them, making using, selling, offering for sale, marketing, distributing, or importing Aurobindo's ANDA Products, or any other infringement of the '363 patent, and enjoining Aurobindo from inducing or contributing to any of the foregoing, prior to the expiration of the '363 patent;

   D. A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees for bringing and prosecuting this action;

   E. An award of Plaintiffs' costs and expenses in this action; and

   F. Such further and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Aaron Stiefel
Daniel P. DiNapoli
Jeffrey Martin
Philip Smithback
Stephanie Piper
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

Soumitra Deka
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center
San Francisco, CA 94111-4024
(415) 471-3100

December 8, 2017